10-2711-ag
Chen v. Holder

BIA
Morace, IJ
A089 008 816

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9ᵗʰ day of September, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges.*

_____

MAN LI CHEN,
> *Petitioner,*

v.                                          10-2711-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Adedayo O. Idowu, New York, New York.

FOR RESPONDENT:           Tony West, Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Kathryn M. McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Man Li Chen, a native and citizen of China, seeks review of the June 9, 2010, decision of the BIA affirming the June 25, 2008, decision of Immigration Judge ("IJ") Philip Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Man Li Chen*, No. A089 008 816 (B.I.A. June 9, 2010), *aff'g* No. A089 008 816 (Immig. Ct. N.Y. City June 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). We "defer to an IJ's credibility determination unless, from the totality of the

2

circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 165-66.  For asylum applications governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . ., the consistency between the applicant's or witness's written and oral statements . . . without regard to whether an inconsistency goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the IJ's adverse credibility determination.  In finding Chen not credible, the IJ reasonably relied in part on Chen's confused demeanor while testifying during cross-examination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  The IJ's demeanor finding was further supported by specific examples of contradictory testimony.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).  Indeed, as the IJ found, Chen testified inconsistently regarding the length of time he remained in hiding following his release from detention.

*See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67.  Moreover, a reasonable fact finder would not be compelled to credit Chen's explanations for his inconsistent statements.  *See Majidi*, 430 F.3d at 80-81. Thus, we find no error in the IJ's denial of Chen's application for asylum, withholding of removal, and CAT relief on credibility grounds.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4